## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SEAN DARNELL FOWLKES | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | Civil Action No. CCB-14-1700 |
| | : | (Related Crim. Case CCB-10-332) |
| UNITED STATES OF AMERICA | : | |
| | : | |
| Respondent | : | |
| | : | |
| | : | |

## MEMORANDUM

Now pending is a pro se motion by Sean Darnell Fowlkes ("Mr. Fowlkes") under 28

U.S.C. § 2255 to vacate, set aside, or correct sentence, as well as a related motion for summary

judgment. In both motions, Mr. Fowlkes alleges his constitutional rights were violated with

respect to his conviction for unlawful possession of a firearm. After reviewing the parties'

submissions, the court finds that no hearing is necessary. *See* Rule 8(a), Rules Governing Section

2255 Cases in the United States District Courts; Local Rule 105.6 (D. Md. 2016). For the

following reasons, both motions will be denied, and a certificate of appealability will not issue.

## BACKGROUND

On May 6, 2009, law enforcement officials executed a federal search warrant at the

petitioner's residence. (*See* § 2255 Petition Mem. Law 1–2, ECF No. 143-1; Resp. Opp'n § 2255

Petition 6, ECF No. 146). The warrant pertained to alleged violations of 21 U.S.C. §§ 841(a)(1)

and 846 (distribution of controlled substances and conspiracy to distribute controlled

substances). (Resp. Opp'n § 2255 Petition Exs. 1 & 2, ECF Nos. 146-1, 146-2). At the time of

execution, law enforcement also had an arrest warrant for Mr. Fowlkes, which was based on a

May 5, 2009 indictment charging Mr. Fowlkes and others with conspiracy to distribute narcotics

in violation of 21 U.S.C. § 846. (*Id.* Ex. 3, 11, ECF No. 146-3). Neither the search warrant nor its

accompanying affidavit, however, mentioned that indictment. (*Id.* Exs. 1 & 2). During the search

of his residence, agents found a firearm, and Mr. Fowlkes was arrested. (*Id.* 6).

With respect to the drug indictment ("drug case," CCB-09-0244), Mr. Fowlkes filed a

motion to sever from other defendants on March 9, 2010. (Resp. Opp'n § 2255 Petition Ex. 4,

ECF No. 146-4). That motion also sought to sever any forthcoming charge for unlawful

possession of a firearm from the existing drug count. (*Id.* Ex. 4, 2–3). During a motions hearing

on May 19, 2010, the government stated for the record that it was considering agreeing to Mr.

Fowlkes's motion to sever him from co-defendants in the drug case and was also considering the

request to bring any gun charge separately from the drug charge. (*Id.* Ex. 5, 5–8, ECF No. 146-

5). In a letter dated June 3, 2010, the government advised the court that the government 1) would

not oppose Mr. Fowlkes's motion to sever in the drug case, 2) would seek a separate indictment

charging Mr. Fowlkes with unlawful possession of a firearm, and 3) would arrange a trial date on

the firearms charge so that it occurred after trial in the drug case. (*Id.* Ex. 6, 1, ECF No. 146-6).

The government then separately indicted Mr. Fowlkes for the firearms offense on June 15, 2010.

(*Id.* Ex. 7, 3, ECF No. 146-7).[1]

Although a trial in the drug case had been set for July 19, 2010, all of Mr. Fowlkes's co-

defendants pled guilty. (Resp. Opp'n § 2255 Petition 9). Pretrial proceedings on the firearms

charge against Mr. Fowlkes ("gun case," CCB-10-332) then commenced, including a motions

hearing on October 1, 2010. At that motions hearing, this court denied Mr. Fowlkes's motion to

---

[1] That same day, a grand jury also returned a superseding indictment in the drug case, but that superseding indictment did not change the allegations against Mr. Fowlkes. (Resp. Opp'n § 2255 Petition 8).

suppress search warrant evidence from his residence. (*Id.* Ex. 8, ECF No. 146-8). On October 20,

2010, a jury found Mr. Fowlkes guilty on the firearms charge. (*Id.* Ex. 7, 6). That same day, but

before the jury returned its verdict on the gun charge, the government indicated on the record to

this court and to the petitioner that it planned to dismiss the drug indictment because it did not

want to "try Mr. Fowlkes twice." (*Id.* Ex. 9, 3, ECF No. 146-9). After the jury found Mr.

Fowlkes guilty on the gun charge, the government moved to dismiss the separate drug indictment

without prejudice, and the court granted that motion on April 15, 2011. (*Id.* Ex. 3, 33).

On March 14, 2012, Mr. Fowlkes moved to have the drug indictment dismissal converted

into a dismissal with prejudice. (Resp. in Opp'n § 2255 Petition Ex. 10, ECF No. 146-10). This

court denied that motion. (*Id.* Ex. 3, 36). He then filed a petition for a writ of mandamus to the

Fourth Circuit, requesting that it compel the district court to convert the dismissal to one with

prejudice. The Fourth Circuit denied that petition. (*Id.* Ex. 11, ECF No. 146-11).

Mr. Fowlkes was sentenced on the firearms conviction to 60 months imprisonment on

November 4, 2011. (Resp. Opp'n § 2255 Petition Ex. 7, 12). The Fourth Circuit affirmed the

sentence on August 29, 2012. (*Id.* Ex. 12, ECF No. 146-12). Mr. Fowlkes then filed a petition for

a writ of certiorari, which was denied on May 28, 2013. (*Id.* 13).

Mr. Fowlkes then filed this § 2255 petition on May 27, 2014, seeking to vacate his

conviction in the gun case and dismiss with prejudice his indictment in the drug case. (§ 2255

Petition 11). The government responded in opposition on August 5, 2014. (Resp. Opp'n § 2255

Petition). Mr. Fowlkes replied on September 12, 2014 and, in that same filing, claimed that he

was entitled to summary judgment in this case. (Mot. Summ. J., ECF No. 148). The government

opposed this summary judgment motion, (Resp. Opp'n Mot. Summ. J., ECF No. 149), and Mr.

Fowlkes replied, (Reply, Mot. Summ. J., ECF No. 153).

Mr. Fowlkes was released from prison in September 2013, (Resp. Opp'n § 2255 Petition 16), and was discharged from supervised release on August 24, 2015, (Order, ECF No. 154).[2]

## STANDARD OF REVIEW

To state a claim for relief under 28 U.S.C. § 2255, a petitioner must prove that one of the following occurred: (1) his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) the "court was without jurisdiction to impose such a sentence"; or (3) the "sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). If the petitioner succeeds in making that showing, "the court shall [1] vacate and set the judgment aside and shall discharge the prisoner or [2] resentence him or [3] grant a new trial or [4] correct the sentence as may appear appropriate." *Id.* § 2255(b).

To sustain a claim for ineffective assistance of counsel, a petitioner must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, a petitioner must show trial counsel's performance fell below "an objective standard of reasonableness," and there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 687–89. To satisfy the second prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. When considering ineffective assistance claims, courts may bypass the first prong and "proceed directly to the prejudice prong of the *Strickland* analysis." *Jackson v. Kelly*, 650 F.3d 477, 493 (4th Cir. 2011).

---

[2] Because the petition was filed while Mr. Fowlkes was on supervised release, he was "in custody" for § 2255 purposes at the time of filing. *See United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999). And because Mr. Fowlkes's petition challenges his underlying criminal conviction, this court will assume without deciding that expiration of supervised release does not make this case moot. *See United States v. Hardy*, 545 F.3d 280, 283–84 (4th Cir. 2008).

## ANALYSIS

§ 2255 Petition

In his § 2255 petition, Mr. Fowlkes advances four separate claims for relief, each of which also alleges ineffective assistance of counsel. These claims will be considered in turn.

*Claim 1*

Mr. Fowlkes first alleges a due process violation and "improper strategic maneuvering." (§ 2255 Petition 4, ECF No. 143). In particular, he claims dismissal of his indictment in the drug case – where charges were dropped after his conviction in the gun case – should have been *with* prejudice rather than *without* prejudice because the government acted in bad faith. (§ 2255 Petition Mem. Law 6–8). According to Mr. Fowlkes, the government acted in bad faith because it "knew it never had a prosecutable case" with respect to the drug indictment but nonetheless used that indictment as "pretext" to obtain a search warrant for Mr. Fowlkes's residence, which led to the discovery of the firearm and his conviction in the gun case (*Id.*).[3] Mr. Fowlkes appears to believe that, if the drug indictment had been dismissed with prejudice, the government would not have been able to use evidence of the firearm in connection with the separate gun case. (*Id.* 8). And his counsel was ineffective, he claims, because counsel did not pursue this theory and did not object to the dismissal without prejudice of the drug indictment. (*Id.*).

This claim is without merit. Rule 48(a) of the Fed. R. Crim. P. provides that the government "may, with leave of court, dismiss an indictment" before trial. The discretion of a district court to deny a Rule 48(a) motion to dismiss is "not broad." *United States v. Goodson*, 204 F.3d 508, 512 (4th Cir. 2000). In particular, a court must grant the motion unless it

---

[3] Mr. Fowlkes also suggests the dismissal should have been with prejudice because the drug indictment violated his speedy trial rights under the Sixth Amendment. (§ 2255 Petition Mem. Law 8). However, he fails to explain this theory, and no constitutional violation is apparent here.

concludes the government made the motion in bad faith. *Id.*; *see Rinaldi v. United States*, 434

U.S. 22, 30 (1977) (refusal to grant motion improper if the record does not disclose bad faith on

the part of the government "at the time it sought leave to dismiss the indictment"). Bad faith by

the government cannot be presumed. *See Rinaldi*, 434 U.S. at 30.[4]

Pursuant to Rule 48(a), this court granted the government's motion to dismiss, without

prejudice, Mr. Fowlkes's indictment in the drug case. (*See* Resp. Opp'n § 2255 Petition 12). To

sustain his argument that this was inappropriate, Mr. Fowlkes must prove the government made

the motion in bad faith. *See Goodson*, 204 F.3d at 512. Although Mr. Fowlkes suggests several

reasons why the government acted in bad faith, none are convincing. First, he claims the

government indicted him in the drug case even though it knew it could not convict him in that

case. But Mr. Fowlkes offers no evidence to support this claim and the available evidence belies

his assertion: the government at least had sufficient evidence that Mr. Fowlkes was engaged in

drug dealing to sustain a search warrant for his residence. (Resp. Opp'n § 2255 Ex. 8, 31). And,

in any event, it is not true that the drug case indictment enabled the government to obtain the

search warrant: the search warrant affidavit does not mention or incorporate that indictment. (*Id.*

Ex. 2).

Mr. Fowlkes also suggests the government acted inappropriately because it charged him

in the drug case but then separately charged him in the gun case. (§ 2255 Petition Mem. Law 7–

8). Successive indictments may, in certain cases, constitute harassment and bad faith such that

dismissal with prejudice under Rule 48(a) may be inappropriate. *See Rinaldi*, 434 U.S. at 29 n.15

---

[4] Because it is not necessary for the disposition of this case, this court need not address the separate issue of prejudice. In particular, it may be improper to dismiss an indictment with prejudice – even if bad faith were present – if the defendant did not suffer prejudice. *See Goodson*, 204 F.3d at 514 ("[A] district court may not, in the management of its docket, exercise its discretion to dismiss an indictment *with prejudice*, either under Rule 48(b) or under its supervisory power, unless the violation caused prejudice to the defendant or posed a substantial threat thereof.").

(Rule 48(a) meant "to protect a defendant against prosecutorial harassment, *e.g.*, charging, dismissing, and recharging."). But this potential harassment relates to prosecutors dismissing and reindicting on the same or similar charges. *See United States v. Hayden*, 860 F.2d 1483, 1487 (9th Cir. 1988) (Rule 48(a) ensures prosecutors do not "harass[] defendants by indicting, dismissing, and reindicting without triggering the protections of the double jeopardy clause."). Despite Mr. Fowlkes's claims to the contrary, this case is unlike *United States v. Salinas*, where the government moved to dismiss an indictment on the day trial was set to commence because it was displeased with the jury selection and then re-indicted the defendant on the same charges one week later. 693 F.2d 348, 350–53 (5th Cir. 1982). Here, not only is there no evidence of bad faith with respect to the drug case indictment itself, but Mr. Fowlkes was also indicted on a different charge in the drug case than he was in the gun case.[5]

Concerning ineffective assistance of counsel, Mr. Fowlkes claims his counsel was ineffective with respect to this first claim for relief because counsel 1) failed to "insist[] upon adjudicating" the drug indictment; 2) failed to require the government to "provide its reason for the dismissal"; and 3) failed to file a motion to dismiss the indictment with prejudice. (§ 2255 Petition Mem. Law 8). Had counsel provided effective assistance, Mr. Fowlkes claims, evidence of the firearm likely would have been unavailable in the gun case. (*Id.*). This Sixth Amendment claim also fails. Even if this court had dismissed the drug indictment with prejudice, the government still could have used evidence of the firearm in an effort to convict Mr. Fowlkes in the gun case because the search warrant affidavit pursuant to which the firearm was recovered

---

[5] To the extent Mr. Fowlkes also suggests the way in which the drug case was dismissed was inappropriate, (*see* § 2255 Petition Mem. Law 7), he again fails to establish bad faith. For instance, the record shows the government communicated with the petitioner and kept him informed with respect to its future plans in the gun and drug cases. (*See* Resp. Opp'n § 2255 Petition 17–18).

does not depend on the drug indictment. (*See* Resp. Opp'n § 2255 Petition Ex. 2). In light of the above, Mr. Fowlkes has failed to show prejudice as required by the second prong of *Strickland*.

*Claim 2*

Mr. Fowlkes also claims the search warrant that led to the discovery of a firearm and his subsequent conviction in the gun case was invalid. This court reviewed that warrant on October 1, 2010, and concluded it was valid. (Resp. Opp'n § 2255 Petition Ex. 8, 30).

Mr. Fowlkes suggests his alleged Fourth Amendment violation should be reexamined partly because the government dismissed the drug indictment in 2011, after this court upheld the validity of the warrant in 2010. That matters, he claims, because the dismissal shows the allegations in the drug indictment were false and, because the search warrant was "issued pursuant to the indictment," the information in the search warrant affidavit must also be false. For that reason, he concludes that the search warrant was invalid. (§ 2255 Petition Mem. Law 9– 10). This claim lacks merit. Most obviously, the fact that the government moved to dismiss the indictment does not indicate the allegations contained in the indictment are false.[6] Mr. Fowlkes has also advanced no evidence supporting his claim that the warrant contained false information.

Mr. Fowlkes also advances two other objections to the warrant, both of which lack merit. First, he suggests the search warrant affidavit did not contain probable cause to search his particular residence, (*id.* 9), but there is ample evidence in the record showing this court properly focused on whether probable cause existed to search his residence in particular, (*see* Resp. Opp'n § 2255 Petition Ex. 8, 31–32). Second, he suggests this court improperly relied on the interpretation by search warrant affiants of "coded language." (*See* § 2255 Petition Mem. Law

---

[6] As explained previously, it is also not true that the search warrant was "issued pursuant to the indictment." The warrant affidavit does not mention or incorporate the drug case indictment, and the validity of the warrant affidavit does not depend on the indictment in the drug case.

9). But probable cause may be partly based on expert interpretations of apparently innocent behavior. *See United States v. Johnson*, 599 F.3d 399, 346 (4th Cir. 2010). And, in any event, the affiants' interpretation of coded language was not the sole basis for this court's finding of probable cause. (*See* Resp. Opp'n § 2255 Petition Ex. 8, 30–32).[7] The warrant was backed by probable cause, so there is no Fourth Amendment violation here.

Mr. Fowlkes also claims ineffective assistance of trial counsel because counsel did not argue the search warrant affiants provided false information and did not request a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), to further pursue that claim. (§ 2255 Petition Mem. Law 10). He also claims ineffective assistance of appellate counsel "for failing to raise this obvious substantive issue." (*Id.*). But there is no evidence that affiants provided false information. Mr. Fowlkes's claims are thus meritless, and trial and appellate counsel were not ineffective for failing to pursue them. More particularly, trial counsel was not ineffective for failing to request a *Franks* hearing. Because he has presented no evidence (beyond his own assertions) that the affidavit contained falsehoods, Mr. Fowlkes would not have qualified for a *Franks* hearing, and thus he did not suffer prejudice under the second prong of *Strickland*. *See United States v. Colkley*, 899 F.2d 297, 300 (4th Cir. 1990) (To obtain a *Franks* hearing on the integrity of a search warrant affidavit, "a defendant must first make a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit.") (internal quotations omitted).

*Claim 3*

---

[7] The petitioner also objects to this court's finding that, even if probable cause did not exist, the "good faith" rule would have saved the search warrant at issue here pursuant to *United States v. Leon*, 468 U.S. 897 (1984). Mr. Fowlkes does not explain his argument and, in any event, it is irrelevant because this court now affirms that the search warrant was backed by probable cause.

Mr. Fowlkes next claims the indictment in the drug case was "void due to it not being properly found by a grand jury." (§ 2255 Petition Mem. Law 11). In particular, he argues the drug indictment is void because the indictment "was simply stamped and filed at the general clerk's office as opposed to being returned by the grand jury." According to Mr. Fowlkes, this violates the Fifth Amendment and Fed. R. Crim. P. 6(f). Because the indictment was "not properly returned in open court," the court had no jurisdiction, he claims. He also objects to the fact that the indictment was "not affixed to [the] caption" and that "the indictment was not endorsed by the clerk." (*Id.*). Although the indictment in the drug case was later dismissed, Mr. Fowlkes suggests his claims here regarding improprieties in the grand jury process are relevant because the search warrant was issued "in accordance with the indictment" in the drug case, and the execution of the search warrant led to his conviction in the gun case. (*Id.*)

As noted previously, the search warrant did not depend on the drug case indictment. Thus, even if there were irregularities with respect to the grand jury process and the indictment in the drug case, it did not affect the conviction in the gun case. Moreover, Mr. Fowlkes has not overcome the "presumption of regularity" that attaches to grand jury proceedings. *See United States v. Bros. Const. Co. of Ohio*, 219 F.3d 300, 314 (4th Cir. 2000) (internal quotations omitted). In particular, he claims the original indictment was not "returned by the grand jury" but rather was "simply stamped and filed at the general clerk's office." (§ 2255 Petition Mem. Law 11). Available evidence, however, belies that claim. In this district, the standard procedure is for a grand jury foreperson to come into open court before a magistrate judge to make the returns of an indictment. (Resp. Opp'n § 2255 Petition Ex. 8, 10). The signature of the foreperson on the indictment, however, is then redacted in the version that appears in the electronic case filing. (*Id.*

9). Mr. Fowlkes appears to allege these procedures were not followed at all and that the

indictment was simply filed with the clerk's office. That claim is belied by the indictment itself,

which has a redacted signature on it. (§ 2255 Petition Ex. 1, ECF No. 143-2). More importantly,

Mr. Fowlkes has failed to substantiate his claim that any deviation from standard practice or

impropriety occurred and thus has failed to overcome the presumption of regularity that applies

here.

 Mr. Fowlkes also suggests impropriety because the indictment was not "affixed to [a]

caption" and "the indictment was not endorsed by the clerk." (§ 2255 Petition Mem. Law 11). It

is not clear why petitioner believes the indictment was "stamped and filed" at the clerk's office

yet "not endorsed by the clerk." Moreover, Mr. Fowlkes fails to explain what "caption" is

missing and, more importantly, why that establishes grand jury impropriety in this case.

 As with other claims, Mr. Fowlkes claims ineffective assistance of counsel with respect

to these alleged grand jury irregularities. In particular, he claims his counsel should have raised

this jurisdictional claim. If counsel had, it is "highly reasonable the proceedings would have been

deemed void due to the court not having jurisdiction which would have precluded any further

indictments," including the indictment in the gun case, he claims. (§ 2255 Petition Mem. Law

11). That is not true. As noted previously, Mr. Fowlkes has not shown prejudice under the

second prong of *Strickland* because, even if his indictment in the drug case were improper, that

does not mean he could not have been separately indicted (and convicted) in the gun case.

*Claim 4*

 In his fourth claim for relief, Mr. Fowlkes largely reiterates allegations from his first

three claims. He also alleges "prosecutorial misconduct" and "grand jury abuse" because the

government indicted him on the drug charge and then separately indicted him on the gun charge,

as opposed to including both offenses in a single indictment before a single grand jury. (§ 2255 Petition Mem. Law 12). Although Mr. Fowlkes requested that the gun charge be severed from the drug charge, (*see* Resp. Opp'n § 2255 Petition Ex. 4, 2–3), he now claims the same grand jury should have considered both charges, (§ 2255 Petition Mem. Law 12).

The implication of Mr. Fowlkes's claims is that the government must join multiple counts in a single indictment. That is incorrect. *See* Fed. R. Crim. P. 8(a) (an indictment "may" charge a defendant with two or more offenses if certain conditions are met); *see also* Fed. R. Crim. P. 13 (a court "may" order that separate cases be tried together "as though brought in a single indictment" if certain conditions are met). The cases he cites in this section are inapposite.[8] More generally, he has failed to overcome his burden with respect to alleged improprieties related to the grand jury process. *See Bros. Const. Co. of Ohio*, 219 F.3d at 314.

Mr. Fowlkes alleges ineffective assistance with respect to this fourth claim because his trial counsel failed to "object[]" and "properly challenge[]" the alleged prosecutorial misconduct and grand jury abuse by filing a motion to dismiss. Had counsel done so, Mr. Fowlkes claims, it is "highly reasonable the indictment would have been dismissed." (§ 2255 Petition Mem. Law 12). Mr. Fowlkes also alleges his appellate counsel rendered ineffective assistance by failing to raise this issue. There was no ineffective assistance because Mr. Fowlkes's claims are meritless.

*Certificate of Appealability*

With respect to Mr. Fowlkes's § 2255 motion, this court must also decide whether a

---

[8] For instance, the petitioner likens his situation to that in *United States v. Pack*. There, the court opined that a grand jury that is "not investigating any criminal activity and not looking toward an indictment to be found by it" could not take testimony "merely for the purpose of discovering or preserving such testimony for use in a criminal trial under an indictment by a former Grand Jury." 150 F. Supp. 262, 264 (D. Del. 1957). Here, by contrast, the grand jury that returned the indictment in the gun case was surely "investigating . . . criminal activity" and "looking toward an indictment to be found by it." Moreover, it was doing so with respect to the gun charge, which is completely distinct from the drug charge.

certificate of appealability ("COA") will issue. A COA may only issue if the petitioner has

"made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To

do so, the petitioner "must demonstrate that reasonable jurists would find the district court's

assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274,

282 (2004) (citation and internal quotation marks omitted), or that "jurists could conclude the

issues presented are adequate to deserve encouragement to proceed further," *Miller-El v.

Cockrell*, 537 U.S. 322, 327 (2003). Because Mr. Fowlkes has not made a substantial showing of

the denial of his constitutional rights, this court will not issue a COA.

Motion for Summary Judgment

Mr. Fowlkes's motion for summary judgment largely reiterates the four claims made in

his § 2255 petition. The only significant difference relates to the third claim. According to Mr.

Fowlkes, summary judgment on this claim is appropriate because the government, in its response

to the § 2255 petition, failed to address his allegations. (Mot. Summ. J. 4). The government

certainly attempted to rebut Mr. Fowlkes's third claim. However, it believed that Mr. Fowlkes

was alleging improprieties with respect to his indictment in the gun case when in fact he was

attacking his indictment in the drug case. (Resp. Opp'n Mot. Summ. J. 10). In its response to the

summary judgment motion, the government noted this misinterpretation and addressed Mr.

Fowlkes's claims with respect to the drug indictment. (*Id.* 10–12).

As Mr. Fowlkes notes, Rule 5(b) of the Rules Governing Section 2255 Proceedings

provides that an answer to a § 2255 motion "must address the allegations in the motion." But this

court will not find that the government conceded Mr. Fowlkes's third claim based solely on this

misinterpretation. The government addressed what it believed to be the allegations in the third

claim, and some flexibility is warranted here. *See Hagen v. United States*, 2014 WL 3895062, at

*11 (W.D.N.C. Aug. 8, 2014) (concluding Rule 5(b) does not require respondent to respond to

each separate claim individually). And, because the claims overall lack merit, the summary

judgment motion will be denied.

### CONCLUSION

In summary, Mr. Fowlkes has failed to show any grounds for relief under 28 U.S.C. §

2255. The motion to vacate, set aside or correct sentence under § 2255 will be denied, and a

certificate of appealability will not issue. The motion for summary judgment also will be denied.

A separate order follows.


November 14, 2016                                   /S/
Date                                    Catherine C. Blake
                                        United States District Judge